Barnard, P. J.
There is no real conflict as to the facts. Coe agreed to deliver fertilizers to the defendant. The defendant was to sell them, and after the cost of the property, interest and expenses, the parties were each to have half the profits. Whether it was a partnership between *94 the parties in the. business inter se or was only a relation of principal and agent, it was in the power of either to terminate the arrangement at will, as there was no limitation by the terms of the agreement. The defendant rather claims a partnership, and under that relation, when the parties terminate the agreement, it is almost a matter of course to grant a receiver and an injunction against the continued use of the partnership name and the continuance of the business itself.
If the relation was that of principal and agent, then the papers show the defendant has property of the plaintiff, the proceeds of the business in which property the plaintiff has an interest to the extent of one-half of the profits represented bjr the same. It is proper and just that a receiver be appointed if this be the fact. The continued use of the plaintiff’s name as the principal of the defendant is a wrong done by the defendant which calls for an injunction.
The judgment should be affirmed, with costs and disbursements.
Pratt, J.
Whatever may be the legal relations of the parties the facts justified the issuing of an injunction.
That there were outstanding debts to be collected the proceeds of which were claimed by both parties, and books and notes claimed by both parties, and a struggle to get and keep possession of them together with other disputed facts authorized the order made below.
. I think the plaintiff has made a prima facie case of principal and agent, and that the defendant has in his-possession property of the plaintiff which he refused to surrender and for the full protection of his rights and in order that a judgment may be effectual an injunction is necessary. It is largely a matter of discretion whether or not to grant an injunction in view of all the circumstances and the probable result of the litigation.
Such discretion was properly exercised in this case. That part of the order appointing the receiver was likewise proper. The appointment was made to take possession of the notes, accounts, and other property which were the subject of the action, and alleged to be in danger of being lost.
On the whole case the order should be affirmed.